UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GARBER,

        Plaintiff,

                              Case No. 16-cv-00455

vs.                          Hon. Gordon J. Quist
                            United States Magistrate Judge Phillip J. Green

MITCHELL DEISCH, Individually and
in his official capacity as the City Manager
for Defendant, CITY OF MANISTEE; DAVID
BACHMAN, individually and in his official
capacity as Chief of Police/Director of Public
Safety for Defendant, City of Manistee, EDWARD
BRADFORD, individually and in his official
capacity as Treasurer for Defendant, City of
Manistee, JEFFREY MIKULA, individually and
in his official capacity as the DPW Director for
Defendant, City of Manistee, PAUL R. SPANIOLA,
Individually and in his official capacity as the
Prosecuting Attorney for Mason County, Michigan
and Special Prosecuting Attorney for the County of
Manistee, Michigan, and CITY OF MANISTEE, a
Municipal Corporation joint and severally,

        Defendants

_____

| | |
|---|---|
| JAMIL AKHTAR, P.C. | GRETCHEN L. OLSEN (P36619) |
| by Jamil Akhtar (P38597) | PLUNKETT COONEY |
| Attorney for Plaintiff | Attorney for City Defendants |
| 7577 US Hwy. 12 | 303 Howard Street |
| Onsted, MI 49265 | Petoskey, MI 49770 |
| Tx. 517-467-7373 | 231-348-6424 |
| jimakhtar@att.net | golsen@plunkettcooney.com |

| | |
|---|---|
| MARK QUINN (P44062)<br>Co-counsel for Plaintiff<br>402 Maple St.<br>Manistee, MI 49660<br>Tx. 231-723-6223<br>krolczkandquinn@gmail.com | ALLAN C. VANDER LAAN (P33893)<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>Attorneys for Defendant Spaniola<br>2851 Charlevoix Drive, S.E. - Suite 327<br>Grand Rapids, MI 49546<br>616 972-7470<br>avanderlaan@cmda-law.com |

## JOINT STATUS REPORT

1. **Jurisdiction**:   Plaintiff's cause of action is brought under the provisions of 42 USC 1983; 28 USC 1331, 1343 (a)(3) and 1343 (a)(4) and venue lies in the Western District of Michigan pursuant to 28 USC 1391 (b); this Court has pendent jurisdiction pursuant to 28 USC § 1367.

2. **Jury or Non-jury**:   This case will be tried before a jury.

3. **Judicial Availability**:   The parties agree to have the United States Magistrate Judge conduct all proceedings including dispositive motions and trial.

4. **Geographic Transfer**:   The parties agree that the Court in Grand Rapids, Michigan is convenient for all counsel, the parties and/or witnesses.

5. **Statement of the Case**:

a) **Plaintiff's statement;**

(1) COUNT I ; Plaintiff in Count I alleges a violation of his 1st, 5th and 14th Amendment rights actionable under 42 USC 1985 (2) conspired to deprive

2

Plaintiff of being elected to a City Council position.

(2) COUNT II; Plaintiff's second cause of action alleges a violation of his 1st Amendment rights as actionable under 42 USC 1983 in that the Defendants, including Defendant Spaniola, conspired to bring felony criminal charges against Plaintiff and did conspire as to the timing of the issuance of the arrest warrant to coincide with the week before Plaintiff was to stand for election in November of 2014.

(3) COUNT III; Plaintiff's third cause of action alleges a violation of his rights under the 4th Amendment to the United States Constitution actionable under 42 USC 1983 alleging that the Defendants, acting under color of law, conspired to bring charges of embezzlement against Plaintiff in order that Defendant Deisch could hire his personal friend, Defendant Mikula, as Plaintiff's replacement as the Director of DPW for the Defendant, City of Manistee.

(4) COUNT IV; Plaintiff's fourth cause of action alleges civil conspiracy between the City Defendants and Defendant Spaniola to have Plaintiff arrested on false charges of embezzlement which would then prevent him from being elected to a seat on the City Council.  The timing of the issuance of the arrest warrant was controlled by Defendant Spaniola and coincided with the City election held in November of 2014.

(5) COUNT V; Malicious prosecution; Plaintiff's fifth cause of action alleges malicious prosecution in that Defendant Spaniola knew that when he issued the felony warrant for Plaintiff's arrest that he did not have probable cause to sustain the three felony charges brought against Plaintiff, the Circuit Court held a hearing on Plaintiff's Motion to Quash the District Court's Determination to Bind Plaintiff over finding that the District Court erred in its determination to bind Plaintiff over on the three felonies.

(6) COUNT VI; Abuse of Process; Plaintiff's sixth cause of action against the Defendants alleges a cause of action of abuse of process in that the Defendants did for vexation reasons bring false charges against Plaintiff in order that Plaintiff's position of DPW Director could be given to Defendant Deisch's personal friend, Defendant Mikula.

(7) COUNT VII; Intentional Infliction of Emotional Distress; Plaintiff's seventh cause of action alleges the tort of Intentional Infliction of Emotional Distress; wherein, Plaintiff alleges that the actions of Defendants were unconscionable and not condoned by society.

**b) Defendant Paul R. Spaniola statement of the case**;

This Defendant relies upon its Answer and Affirmative Defenses to Plaintiff's Complaint, Defendant Spaniola did not violate any of Plaintiff's federal

constitutional rights or state law.  Defendant Spaniola asserts Plaintiff's civil right claims are barred by absolute immunity and/or qualified immunity.  Plaintiff's state law claims are barred by absolute immunity and/or governmental immunity.

**c) Defendant, City of Manistee, Mitchell Deisch, David Bachman, Edward Bradford and   Jeffrey Mikula statement of the case**

The City Defendant's deny taking any action, including that they conspired to violate Plaintiff's constitutional, statutory or common law rights.  The City Defendants maintain they are entitled to absolute, qualified and/or individual immunity from Plaintiff's federal as well as state law claims, assert the City must be dismissed as there are no allegations of official policy, custom or practice alleged and the City is entitled to governmental immunity as to any state law claims.  The City Defendants otherwise rely on their answer and affirmative defenses to Plaintiff's complaint.

**6. Pendent State Claims:**

This case does include Pendent State Claims.  Plaintiff's Count IV, V, VI and VII are Pendent State Claims as spelled out in Part 5 above.

**7. Joinder of Parties and Amendment of Pleadings;**

The parties as of this date, do not anticipate filing Motions For Joinder of Parties and/or Motions to Amend the Pleadings.  However, any such motion must be filed

by July 29, 2016.

### 8. Disclosure and Exchange

(I) initial disclosure as to witnesses and exhibits will be exchanged as identified in parts (ii), (iii).

(ii) The Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by September 1, 2016. Defendants expect to be able to furnish the names of Defendant's expert witnesses by October 3, 2016.

(iii) Plaintiff intends to hire the services of a economic loss expert, Mr. B. Michael Grant, CPA. Plaintiff will have Mr. Grant prepare his economic loss report within fourteen days of the Court deciding the Defendant's Motion For Summary Judgment. The report will then be given to the Defendants and Plaintiff will not object to the Defendants taking Mr. Grant's discovery only deposition at any time prior to one week before trial. Defendants expert reports are due 30 days after Plaintiff produces her expert reports.

(iv) Plaintiff will make available the following documents: Plaintiff agrees to make available the following documents without the need of a formal Request For Production:

    1) FOIA documents from the Michigan State Police.

    2) FOIA documents from the Manistee County Prosecuting Attorneys

    Office.

    3) FOIA documents from the City of Manistee.

    4) FOIA documents from the Manistee County Circuit Court.

    5) FOIA documents from the City of Manistee Police Department.

    6) FOIA documents from the City of Manistee Personnel Department.

**The Defendants will make available the following documents:**

(A)   <u>Defendant Paul Spaniola agrees to make available the following documents without the need of a formal Request for Production;</u>

None, as it appears Plaintiff has all relevant documents..

(B)   <u>Defendants City of Manistee, Mitchell Deisch, David Bachman, Edward Bradford, and Jeffrey Mikula, agrees to make available the following documents without the need of a formal Request for Production;</u>

None, as it appears Plaintiff has all relevant documents.

**9. Discovery**: The parties believe that all discovery proceedings can be completed by January 30, 2017. The parties recommend the following discovery plan:

    1) Lay Witness list filed September 1, 2016.

    2) All dispositive motions will be filed by February 28, 2017.

Plaintiff will have until April 1, 2017 to file his response.

    **10. Disclosure or Discovery of Electronically Stored Information**: The parties have anticipated that the bulk of all document discovery will involve the disclosure of paper documents or tangible things rather than electronically stored records. If such records are sought, the parties agree to confer on limitation to the scope of disclosure, the means of disclosure, and the costs associated with production prior to submitting such requests to opposing counsel to abide with Federal Rule Civil Procedure 26 (b) (5) (B) concerning inadvertent disclosure of privilege material, and to confer with each other in good faith before seeking judicial assistance to compel disclosure. At this time the parties do not believe that an order relating to discovery of electronically stored information is required. Plaintiff may be requesting emails between the parties and the Michigan State Police.

    **11. Assertion of Claims of Privilege or Work/Product Immunity After Production**:

    The parties have not discussed and/or agreed the procedure to address claims of privilege or work product immunity; however, the parties acknowledge protection of any such documents.

    **12. Motions**:

The parties agree that all motions will be filed in accordance with LCivR 7.1(d). The parties do contemplate the filing of motions under Federal Rule Civil Procedure 12 (b) (6) and 56 (b). It is further requested that all such motions must be filed by January 15, 2017.

13. **Alternative Dispute Resolution**:

The parties agree after the Court decides the Defendant's Motions under 12 (b)(6) or 56 (b) that a facilitator will be identified for the purpose of attempting to settle this lawsuit.

14. **Length of Trial**:

Plaintiff estimates that trial will last approximately ten to twelve days total, allocated as follows: Five to seven days for Plaintiff's case, Defendant anticipates a total of five days for Defendant's case.
Defendant Spaniola anticipates five days for trial.

15. **Prospect of Settlement**:

Settlement negotiations have not been started.

16. **Electronic Document Filing System**:

Pursuant to Local Civil Rule 5.7 (a), the parties acknowledge their requirement to file documents electronically.

17. **Other**:

Plaintiff's counsel wishes to advise the Court that he is scheduled to be out of the country from November 20th to December 6th and is scheduled to have knee replacement surgery on or about December 15th, 2016; further, Plaintiff's counsel has scheduled a family vacation for a period covering February 17th through March 17th, 2017.

/S/Jamil Akhtar
Jamil Akhtar, Attorney for Plaintiff


/S/Mark Quinn
Mark Quinn, Co-counsel for Plaintiff


/S/ Gretchen L. Olsen
Gretchen L. Olsen, Attorney for City Defs.


/S/Allan C. Vander Laan
Allan C. Vander Laan, Attorney for
Def. Spaniola

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2016, I electronically filed the foregoing Joint Status Report and this Certificate of Service, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/Jamil Akhtar